**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOSEPH MONTANA, #K2556**                                                                                          **PETITIONER**

**VERSUS**                                                          **CIVIL ACTION NO. 1:03-CV-668-DMR-JMR**

**MICHAEL WILSON, Superintendent of MSP;
and MIKE MOORE**                                                                                                    **RESPONDENTS**

<u>**ORDER DISMISSING PETITION WITH PREJUDICE**</u>

BEFORE THE COURT is the Petition of Joseph Montana, #K2556, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. And the Court, having carefully considered said motion, the petition, and the record before it, as well as the applicable case law, is of the opinion that the grounds sought in the petition are not well taken and the Petition should be dismissed on all grounds with prejudice.

**I. F**ACTUAL **B**ACKGROUND AND **P**ROCEDURAL **H**ISTORY

The Petitioner is lawfully in the custody of Sam Winchester, Warden of the Jefferson/Franklin Correctional Facility at Fayette, Mississippi, after having been convicted of murder in the Circuit Court of the First Judicial District of Harrison County, Mississippi. By "Final Judgment 2nd Day" filed May 4, 2000, petitioner was sentenced to a term of life imprisonment in the custody of the Mississippi Department of Corrections.

Thereafter, petitioner appealed his judgment of conviction and sentence to the Mississippi Supreme Court, assigning as error the following:

      A. The trial court erred in granting Instruction S-4A for the State.

      B. The trial court erred in granting Instruction S-10A for the State.

1

        C. The trial court was in error in refusing to grant Instruction D-31.

        D. The trial court was in error in overruling the demurrer filed on behalf of the defendant.

        E. The trial court erred in overruling paragraph three of the defendant's Motion In Limine and by doing so allowing into evidence testimony and documentation concerning a false report that the defendant filed with the police authorities regarding the burglary of his father's vehicle and the theft of a weapon from same.

        F. The trial court erred in refusing to grant Jury Instructions D-24 and D-25.

        G. The trial court erred in allowing into evidence over objection of the defendant the .380 pistol, and the magazine and ammunition for same which was found pursuant to a search of the defendant's bedroom.

        H. The trial court erred in refusing to grant Jury Instructions D-8, D-9, and D-20.

        I. The trial court erred in granting Instruction S-2A for the State.

        J. The verdict of the jury was contrary to the overwhelming weight and sufficiency of the evidence.

On July 25, 2002, the Mississippi Supreme Court on Petition for Rehearing affirmed Montana's judgment of conviction and sentence in a written opinion. *See* Exhibit A, *Montana v. State,* 822 So.2d 954 (Miss. 2002) (Cause No. 2000-KA-00921-SCT).[1]

      Thereafter, on January 22, 2003, Montana filed an "Application For Leave To File Post-Conviction Motion" in the Mississippi Supreme Court, alleging the following (as stated by Montana):

---

[1] References to exhibits are to those of record filed with the Respondents' Answer unless otherwise indicated. *See* Doc. No. 13.

>    A. The closing argument of the prosecution was based on racial issues that were inflammotory [sic] and were highly prejudicial and reasonably calculated to unduly influence jury.
>
>    B. The jury instructions violated due process as these instructions created a mandatory presumption, and in doing so relieved the State of its burden of proof. Thus shifting to the petitioner the burden of proving self-defense or manslaughter.
>
>    C. The prosecution denied the petitioner the compulsory process for obtaining witnesses, when the prosecutor had David Rogers arrested in front of the jury, Rogers was a crucial witness for the defense, and the acts of the prosecution violated the petitioner's due process rights of the Sixth and Fourteenth Amendments.

By "Order" filed March 7, 2003, the Mississippi Supreme Court determined that "[a]fter due consideration, the panel finds that the issues presented by Montana are procedurally barred, and the application should be dismissed. Miss. Code Ann. § 99-39-21." *See* Exhibit B. The Court then dismissed Montana's petition.

## II. LEGAL ANALYSIS

A. Scope of Review

As submitted by the Respondents, the scope of review on habeas corpus is controlled by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214. The Act amended the Federal habeas corpus statutes and thus the manner in which federal courts can review claims by persons under state court convictions and sentences.

B. Review of Petition

In reviewing Joseph Montana's petition filed in this cause and the Answer of the Respondents, this Court agrees that Montana has exhausted his state court remedies as to the issues

raised in the instant petition and that any further return to the state court on these issues would be futile.

Specifically, in response to Ground One, Ground Two and Ground Three, respondents submit, and this Court agrees, that the claims contained therein were raised in Montana's application for post-conviction relief and held to be procedurally barred by the Mississippi Supreme Court and are, therefore, precluded from review by this Court. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2253-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).

Ground One (improper closing argument by the prosecution), Ground Two (the jury instructions violate due process)[2] and Ground Three (prosecution denied the petitioner his compulsory process) were raised by Montana in his *pro se* application for post-conviction relief.

---

[2]Although Montana challenged the granting of certain jury instructions (S-4A, S-10 and S-2A) on direct appeal, he failed to argue the issue of the jury instructions violating due process which created a mandatory presumption, relieving the State of its burden of proof. "The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001) citing *Anderson v. Harless*, 459 U.S. 4, 6-7, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). For a claim to be exhausted, the state court system "must have been apprised of the facts and the legal theory upon which the petitioner bases his assertion." *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir. 1978). Accordingly, a claim presented in federal court with different factual bases and legal theories than those presented in the same claim in the state courts does not constitute exhaustion. *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983). The exhaustion "requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). *See also Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

The Mississippi Supreme Court held these issues to be procedurally barred pursuant to Miss. Code Ann. § 99-39-21.[3] Because the three grounds were not raised either at trial or on direct appeal, as respondents submit, the supreme court was referencing the waiver portion of § 99-39-21(1) in holding the claims to be procedurally barred. The Fifth Circuit Court of Appeals has held that Section 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the procedural bar applied to Montana's issues in state court depends on "whether Mississippi has strictly or regularly applied it." *Id*. (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). However, the petitioner, Montana, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*. Montana has failed to carry his burden of proving an "inconsistent and irregular" application of the bar stated above and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id*. at 861. Furthermore, "[s]o long as the 'last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar,' we can conclude that the state court rested its decision independently on the state procedural grounds." *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) citing *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) and *Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct.

---

[3]Section 99-39-21(1) of the Mississippi Code reads: "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

2633, 86 L.Ed.2d 231 (1985). In the instant case, the Mississippi Supreme Court "clearly and expressly" stated that its decision was based on a state procedural bar.

Federal habeas courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause and actual prejudice, which respondents submit petitioner cannot show. *See Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992)). In explaining the *cause* necessary for excusing a default, the Supreme Court instructed that "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. Examples of objective factors which have been found to constitute *cause* to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]."*McCleskey v. Zant*, 499 U.S. 467 (1991). As Montana has failed to establish cause, there is no need to consider whether there was actual prejudice to Montana. *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).

The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the requisite probability that he was actually innocent, the petitioner must support his allegation with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted). In discussing its reluctance to find that this exception applies, the Court in *Fairman* stated:

6

> We are necessarily chary of allowing fundamental miscarriage claims to overcome state procedural bars, both because of our federalist view that state proceedings and rules should normally be free from federal intervention and because our precedent confirms that the mountain that a petitioner must scale in order to prove a fundamental miscarriage claim is daunting indeed.

*Id*. Montana's assertions fail to establish that a miscarriage of justice will result if his claims are not considered on the merits; he has failed to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or to demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice," as required by *Coleman*. the facts of the instant case fall short of establishing that a fundamental miscarriage of justice will result if Montana's claims are not considered on the merits.   Accordingly, this Court is barred from considering Ground One, Ground Two and Ground Three presented in Montana's habeas petition due to his default in the courts of Mississippi.

This Court also agrees with respondents that in reviewing Ground Four raised by Montana in the instant petition, the issue raised therein is solely an issue of state law (evidentiary matter) and, therefore, not cognizable in a federal habeas corpus proceeding. This Court lacks jurisdiction over this issue in the petition because Montana has failed to allege the deprivation of a constitutional right. "Errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." *Carson v. Director of Iowa Dept. of Corr. Services*, 150 F.3d 973, 975 (8th Cir. 1998) quoting *Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997). "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 118 (1981). Federal courts have "long recognized that a 'mere error of state law' is not a denial of due

7

process. If the contrary were true, then 'every erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question.'" *Id*. at 121, n.21 (citations omitted).

Further, federal courts do not sit to review a state's interpretation of its own law. *Jackson v. Anderson*, 112 F.3d 823, 825 (5th Cir. 1997) *citing Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir.), *cert. denied*, 474 U.S. 836, 106 S.Ct. 110, 88 L.Ed.2d 90 (1985). Federal courts will take the word of the highest court of the State as to the interpretation of its law on criminal matters. *Seaton v. Procunier*, 750 F.3d at 368. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

As a general rule, a state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the prisoner's trial fundamentally unfair. *Johnson v. Puckett*, 178 F.3d 809, 820 (5th Cir. 1999); *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir. 1994). Accordingly, only when the allegedly incorrect evidentiary ruling "has played a crucial, critical, and highly significant role in the trial will habeas relief be warranted." *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998). Even assuming that the instant allegation would rise to the level of a violation of a constitutional right, which respondents deny, Montana has not supplied any credible competent evidence to support this allegation. Since Montana's state court conviction was not obtained in violation of any federal constitutional rights as to Ground Four, habeas corpus relief under § 2254 is unavailable because of the lack of a federal question.

C. In the Alternative

8

However, in the alternatively, and issues raised in Ground Four being otherwise "not reviewable" as solely an issue of state law, the facts of the claim in Ground Four were reviewed by the Mississippi Supreme Court on direct appeal, and the issue was denied on the merits. As a result, under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA", and because this issue was decided on the merits, habeas relief cannot be granted with respect to this ground. 28 U.S.C. § 2254(d) and § 2254(e)(1). 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The first exception, subsection (d)(1) applies to questions of law or to mixed questions of fact and law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). The claims raised in Montana's petition are mixed questions of law and fact. Therefore, subsection (1) of § 2254(d) governs the claims and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts. The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision being tantamount to a *de novo* review. *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court concluded that §2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id*. at 1523. A state court's decision is contrary to federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Id*. at 1523. A state court's decision involves an unreasonable application of federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies the principle to facts of the prisoner's case; this application of law to facts mut be objectively unreasonable. *Id*. at 1521. Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. *See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113 (2000); *Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000); *Penry v. Johnson*, 215 F.3d 504, 507-09 (5th Cir. 2000); *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000).

Nevertheless, under § 2254(d)(2) grounds may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented. Because the state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As will be seen below, Montana failed to meet his burden. Accordingly, this Court is barred from reviewing an issue already decided on the merits.

In Ground Four, Montana complains that the trial court denied him the right to a fair trial by allowing a .380 pistol, magazine and ammunition into evidence. During the direct examination of Officer Wenfield Swetman, the trial judge, following a bench conference, sustained Montana's objection to the introduction into evidence of the .380 pistol and a magazine containing .380 bullets which were legally found in Montana's bedroom when he was arrested. The prosecution left the exhibit for identification. S.C.R. 469. During the testimony of the State's firearms expert, Starkes Hathcock from the Mississippi Crime laboratory, it was established that the diameters of a .380 and a 9 mm[4] projectile were essentially the same caliber. S.C.R. p. 506. However, Hathcock testified that the 9 mm. projectile removed from the victim's head could not have been fired from the .380 firearm because the 9 mm bullet weights more than the .380 projectiles. *Id*. Furthermore, "A nine millimeter will chamber and fire a .380, but a .380 will not fire a nine millimeter." S.C.R. p. 508. Out of the hearing of the jury, the prosecutor argued for the admission of the .380 pistol and magazine based on the following:

> The defense has introduced a .380 caliber weapon, and is going to, as we all are aware, argue that it could have been fired from another, *i.e.* Chris Hairston's gun. If the jury is permitted, and I think they are, to consider whether or not that's a possibility, they should equally be able to consider whether or not it came from the defendant's .380 firearm.

S.C.R. p. 515; *Montana v. State*, 822 So.2d at 965 (¶ 46). The lower court allowed the evidence to be admitted, but instructed the State not to mention it unless the defense attempted to argue that the victim was shot with a .380 caliber gun. *Id*. The Mississippi Supreme Court determined that:

> This discussion occurred outside the presence of the jury. The possibility of another .380 being used to shoot Holloway was never argued by Montana, and the exhibit was never mentioned again.

---

[4] Expert testimony clearly established that the victim was killed by a 9 mm projectile. S.C.R. p. 426; *Montana v. State*, 822 So.2d at 965 (¶ 45).

> Montana has failed to show that he was prejudiced by the trial court's admission of the evidence. Before error can be predicated on an adverse evidentiary ruling, the admission or exclusion of evidence must result in prejudice or harm. *Austin v. State*, 784 So.2d 186, 194 (Miss. 2001) [other cites omitted]. Any error in the admission of the exhibit was harmless. This assignment of error is without merit.

*Id*. at ¶ 47. Montana has presented no competent or otherwise credible evidence in this habeas proceeding record to overcome the deference afforded to the state appellate court's decision; Montana has failed to prove that the state court decision was contrary to or an unreasonable application of law to the facts. *See Williams v. Taylor, supra.* Therefore, Montana is not entitled to relief based on his claims in Ground Four of the instant petition.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in the Petition of Joseph Montana, #K2556, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the     20th     day of September, 2006.


/S/   **DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**